# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| v. | NO. 17-61-1 |
| ROBERT THORN, JR. | |

## OPINION

This case presents a straightforward but legally complex question in the developing area of federal sentencing law: Was Defendant Robert Thorn, Jr.'s prior conviction for robbery under Pennsylvania law a "crime of violence" as defined by the United States Sentencing Guidelines ("U.S.S.G" or "Sentencing Guidelines")? The answer requires analyzing Pennsylvania case law; parsing Pennsylvania's robbery statute; examining certain records underlying Defendant's state conviction; and applying what is known as the "categorical approach" to his state conviction. The Court concludes that, given the information available here, Defendant's prior conviction for first-degree robbery in Pennsylvania is not a "crime of violence" under the Sentencing Guidelines. Defendant's request for downward variance shall thus be granted.

### I.  BACKGROUND

In December 2016, Defendant Robert Thorn, Jr. attempted to sell a Glock to a confidential informant from the Bureau of Alcohol, Tobacco, and Firearms ("ATF"). Defendant sent the informant a picture of the Glock with an extended magazine, and the two agreed to meet. During the sale, Defendant took the Glock with an extended magazine from underneath the driver seat, displaying it to the informant and an undercover ATF agent. After receiving the money, Defendant retook possession of the firearm and fled in his car.

Defendant was charged with possession of a firearm by a convicted felon. 18 U.S.C. § 922(g). Defendant had a previous conviction for robbery under Pennsylvania law in 2006. On June 7, 2017, Defendant pled guilty before this Court. The Presentence Investigation Report determined that the Defendant's prior conviction for robbery was a "crime of violence" as defined by the Sentencing Guidelines. Counsel for Defendant filed an objection, requesting a downward variance and contending that the robbery conviction was not a "crime of violence."

**II.     DISCUSSION**

The applicable Sentencing Guideline for Defendant's violation of Section 922(g) is Section 2K2.1. *See United States v. Steiner*, 847 F.3d 103, 117 (3d Cir. 2017). Section 2K2.1 "sets out various base offense levels that depend on the circumstances of the offense and the defendant's criminal history." *Id.* Under the relevant portion of Section 2K2.1 of the Sentencing Guidelines, if "(A) the offense involves a (i) semiautomatic firearm that is capable of accepting a large capacity magazine . . . and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence . . . ," the base offense level is 22. Defendant does not dispute that the Glock was "capable of accepting a large capacity magazine." However, Defendant does dispute that his prior conviction is a "crime of violence" that warrants a base offense level of 22.

The Sentencing Guidelines define a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, *robbery*, arson, extortion, or the use or unlawful possession of a firearm

described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a)(1)-(2) (emphasis added).

The question, then, is whether Defendant's prior robbery conviction under Pennsylvania law qualifies as a "crime of violence" under either Section 4B.1.2(a)(1) (known as the "force clause") or Section 4B.1.2(a)(2) (known as the "enumerated clause"). As relevant here, the Pennsylvania robbery statute provides:

(a) Offense defined.--

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; [or]

(iii) commits or threatens immediately to commit any felony of the first or second degree[.]" 18 Pa. Cons. Stat. § 3701(a)(1)(i)-(iii).

### a. Divisibility of 18 Pa. Cons. Stat. § 3701(a)(1)(i)-(iii)

At the outset, the relevant inquiry is whether a state's criminal statute is "divisible" or "indivisible." *See Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243, 2256 (2016). A statute is "indivisible if it sets out a single set of elements to define a single crime." *See United States v. Chapman*, 866 F.3d 129, 134 n.5 (3d Cir. 2017) (citing *Mathis*, 136 S. Ct. at 2248-49). By contrast, a statute is divisible if it "comprises multiple, alternative versions of the crime." *See id.* at 134 (quoting *Descamps v. United States*, --- U.S. ---, 133 S. Ct. 2276, 2284 (2013)). The difference between a divisible and indivisible statute becomes hard to discern when, as here, the statute uses disjunctive language. For instance, Pennsylvania's robbery statute provides that a

person is guilty of robbery if, "in the course of committing a theft," he "inflicts serious bodily injury upon another" *or* "threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa. Cons. Stat. § 3701(a)(1)(i)-(ii). Does this mean that there are different ways to commit the general crime of robbery, or does the statute actually announce two independent types of robbery?

The divisibility of an alternatively phrased statute hinges on the distinction between "elements" of a crime and the "means" of committing that crime. *Mathis*, 136 S. Ct. at 2256. Elements are "things the prosecution must prove to sustain a conviction"; they are "what the jury must find beyond a reasonable doubt to convict the defendant." *Id.* at 2248 (internal quotation marks omitted). Means, on the other hand, involve facts that are "extraneous to the crime's legal requirements" because they "need neither be found by a jury nor admitted by a defendant." *See id.*

Because the robbery statute is phrased disjunctively, *Mathis* requires deciding whether it is divisible. *See* 136 S. Ct. at 2256; *United States v. Singleton*, No. 10-578-1, 2017 WL 1508955, at *4 (E.D. Pa. April 26, 2017). The inquiry here is thus whether subsections (a)(1)(i)-(iii) sets forth elements—things that *must be proved* to support a robbery conviction—or alternative means of committing a robbery under Pennsylvania law.

i. *Mathis* Framework for Determining Divisibility of a Statute

The Supreme Court in *Mathis* offered three ways to analyze the divisibility of a criminal statute. First, *Mathis* holds that state court decisions can provide guidance on whether the statute enumerates elements or means in committing a crime. 136 S. Ct. at 2256. The Government points to no Pennsylvania state court decision in which a jury must find that a defendant violated

4

a particular subsection of the statute to convict him of first-degree robbery.[1] *See Singleton*, 2017 WL 1508955, at *5 (concluding that the robbery statute "is commonly treated as indivisible" by Pennsylvania state courts). As both Defendant and the *Singleton* court observed, Pennsylvania case law suggests that subsections (a)(1)(i)-(iii), all of which constitute first-degree robbery, are indivisible. *See id.* For instance, in *Commonwealth v. Payne*, 868 A.2d 1257, 1262 (2005), jurors were instructed on both subsections (a)(1)(i) and (a)(1)(ii) before finding that the defendant was guilty of robbery.[2] State law, then, gives no clear answer on the robbery statute's divisibility.

Second, a statute may be divisible "on its face." *Mathis*, 136 S. Ct. at 2256. For instance, if the "statutory alternatives carry different punishments . . . they must be elements." *Id.* On its face, Pennsylvania's robbery statute does not distinguish among subsections (a)(1)(i)-(iii) because they are all defined as felonies in the first degree. 18 Pa. Cons. Stat. § 3701(b); *cf. Mathis*, 136 S. Ct. at 2256 (citing Colorado's second-degree burglary statute as an example of a divisible statute because it distinguished between class-four felony and class-three felony burglaries). And the robbery statute itself does not state the criminal penalties for violations of the subsections.[3] *Cf. id.* (citing Vermont's burglary statute as an example of a divisible statute because the statute assigns different punishments for different types of burglaries). Because

---

[1] The Government instead cites to pre-*Mathis* Third Circuit precedent which holds that Pennsylvania's robbery statute is divisible. *See United States v. Blair*, 734 F.3d 218, 225 (3d Cir. 2013). For reasons explained later, the *Mathis* framework compels a different result as to the robbery statute's divisibility.

[2] Defendant has not cited to any Pennsylvania cases where jurors were instructed on all three subsections of the robbery statute and found the defendant guilty through a general verdict. But the Government has not otherwise argued that the absence of such case law means that the robbery statute, as to subsections (a)(1)(i)-(iii), is divisible.

[3] Pennsylvania law does provide that first-degree felony convictions generally result in imprisonment "for a term which shall be fixed by the court at not more than 20 years." 18 Pa. Cons. Stat. § 1103(1). There may also be different "offense gravity scores" assigned to violations of subsections (a)(1)(i)-(iii) of the robbery statute. *See* 204 Pa. Code § 303.15. But consulting these other statutory sources would mean not evaluating Pennsylvania's robbery statute "on its face" as instructed by *Mathis*. *See* 136 S. Ct. at 2256.

5

Pennsylvania's robbery statute neither grades subsections (a)(1)(i)-(iii) as different types of felonies nor indicates different punishments for violations of subsections (a)(1)(i)-(iii), the statute is not divisible by its own terms. The statute here also does not "identify which things must be charged" for a first-degree robbery. *See id*. Thus, "on its face," Pennsylvania's robbery statute does not disclose whether it is divisible either. *See Singleton*, 2017 WL 1508955, at *5.

Third, and as a fallback option, if state law ultimately "fails to provide clear answers, federal judges have another place to look: the record of a prior conviction itself." *Id*. *Mathis* authorizes taking a "peek" at a limited class of documents (known as "*Shepard* documents") for the sole purpose of deciding whether a statute reflects the crime's elements. *See id*. at 2256-57 (internal quotation marks omitted); *Shepard v. United States*, 544 U.S. 13, 26 (2005); *see also Chavez-Alvarez v. Attorney General United States*, 850 F.3d 583, 588 (3d Cir. 2017). The *Shepard* documents are "indictments, jury instructions, plea colloquies and plea agreements." *Mathis*, 136 S. Ct at 2257 n.7 (citing *Descamps*, 133 S. Ct. at 2285 n.2). The record documents here also do not shed light on whether the robbery statute should be construed as a list of elements.[4] The plea colloquy contains Defendant's admission that he committed robbery, a first degree felony, without specifying which subsection. The information charges that Defendant violated subsection (a)(1)(ii) but proceeds to quote all subsections of the robbery statute. The criminal complaint filed against Defendant is more helpful because it accuses him of violating (a)(1)(ii) and quotes only that subsection of the robbery statute. Nonetheless, because the record materials fail to "speak plainly" about the statute's divisibility, this Court "will not be able to satisfy [the] demand for certainty when determining whether a defendant was convicted of a generic offense" under the Sentencing Guidelines. *See id*. at 2257. Accordingly, given the

---

[4] The Court does not consider Defendant's Sentencing Order because it is not a *Shepard*-approved document. *See Shepard*, 544 U.S. at 26 (listing acceptable documents for sentencing court to review).

information available here and for the purpose of Defendant's sentencing, Pennsylvania's robbery statute under subsections (a)(1)(i)-(iii) is indivisible: the subsections enumerate different means, not elements, of committing robbery.

The Government points to a contrary conclusion in *United States v. Blair*, 734 F.3d 218, 225 (3d Cir. 2013), which held that Pennsylvania's robbery statute was "obviously divisible." However, *Blair* was decided before *Mathis* and rested its finding of divisibility on the "clearly laid out alternative elements" of the statute. *Id.* The *Blair* court did not engage in an analysis explaining why the subsections of Pennsylvania's robbery statute were elements, as opposed to means, which is now mandated by *Mathis*. *See* 136 S. Ct. at 2248. *Mathis* emphasized that the disjunctive phrasing of the robbery statute is not the touchstone for finding divisibility. *See id.* at 2253 ("[A] statute's listing of disjunctive means does nothing to mitigate the possible unfairness of basing an increased penalty on something not legally necessary to a prior conviction."). Rather, the divisibility evaluation requires looking at state court decisions; the structure of the statute (whether the "statutory alternatives carry different punishments" or the statute identifies "which things must be charged"); or *Shepard* documents. *See id.* at 2256-57. Indeed, Third Circuit precedent after *Mathis* confirms that this is the proper mode of analysis. *See, e.g., United States v. Henderson*, 841 F.3d 623, 628-32 (3d Cir. 2016) (applying *Mathis* framework to Pennsylvania law prohibiting drug possession). In sum, *Mathis* compels a different result from the one in *Blair* because a statute cannot be "obviously divisible" based solely on its alternative phrasing.[5]

---

[5] The Court recognizes that other decisions from this district have held that *Blair*'s conclusion remains unchanged after *Mathis*. *See, e.g., United States v. Coffie*, 16-3123, 2017 WL 3433991, *4 (E.D. Pa. Aug. 9, 2017).

### b. Comparison under the Categorical Approach

Because the statute is indivisible, *Mathis* mandates application of the "categorical approach" to determine if Defendant's prior conviction is a "crime of violence." *See Steiner*, 847 F.3d at 119. Under the categorical approach, the Court looks only to the "statutory definitions" or elements of a defendant's prior offenses and not to the "particular facts underlying those convictions." *United States v. Dahl*, 833 F.3d 345, 349 (3d Cir. 2016). Specifically, the Court examines the elements of the state predicate crime to determine if it is the same as or narrower than the elements of the federal offense. *See Mathis*, 136 S. Ct. at 2257. If so, the conviction is a categorical match and constitutes a "crime of violence." *See Chapman*, 866 F.3d at 134. If the state crime goes beyond the elements of the federal offense, it is not a crime of violence. *See Descamps*, 133 S. Ct. at 2283. The Court now therefore examines the elements of Pennsylvania's robbery statute to see if they match the Sentencing Guideline's definition of "crime of violence" under either the force clause or enumerated clause. U.S.S.G. § 4B.1.2(a)(1)-(2).

First-degree robbery is not a categorical match under the force clause. The force clause provides that a crime of violence "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B.1.2(a)(1). First-degree robbery in Pennsylvania includes one method of committing robbery that does not entail force; a person may be guilty of robbery if, while committing a theft, he "commits or threatens immediately to commit any felony of the first or second degree." 18 Pa. Cons. Stat. § 3701(a)(1)(iii). For example, a criminal defendant can commit forgery, a second-degree felony in Pennsylvania, during the course of theft. *See* 18 Pa. Cons. Stat. § 4101(c). Forgery does not require force. *See United States v. Harris*, 205 F. Supp. 3d 651, 673 (M.D. Pa. 2016); 18 Pa. Cons. Stat. § 4101(a).

8

In its briefing, the Government concedes that not all robbery offenses qualify as a crime of violence under the force clause.[6] ECF 47 at 8; *see also United States v. Ballard*, 03-810, 2017 WL 2935725, at *3 (E.D. Pa. July 10, 2017), *app. filed* ("As the Government concedes, [subsection (a)(1)(iii)] does not involve the requisite use of force" under the Armed Career Criminal Act); *Singleton*, 2017 WL 1508955 at *9 ("[I]t is beyond dispute that the elements of [first-degree robbery in Pennsylvania] sweep broader than [the Armed Career Criminal Act] force clause.").[7] Thus, first-degree robbery is not a "crime of violence" under the force clause.

Nor is first-degree robbery a categorical match under the enumerated clause. A determination as to whether first-degree robbery is an offense under the enumerated clause, U.S.S.G. § 4B.1.2(a)(2), requires comparison between the elements of the crime of conviction to the generic form of robbery "as defined by the States, learned treatises, and the Model Penal Code." *United States v. Marrero*, 743 F.3d 389, 399 (3d Cir. 2014), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015). At common law, robbery was "the felonious and forcible taking from the person of another of goods or money to any value by violence or putting him in fear." *Government of Virgin Islands v. Carmona*, 422 F.2d 95, 98 (3d Cir. 1970) (quoting Blackstone's Commentaries); *United States v. Depass*, 510 F. App'x 119, 121 (3d Cir. 2013). Both Defendant and the Government agree that generic robbery requires taking "by violence" or putting a victim in fear. Subsection (a)(1)(iii) under Pennsylvania's

---

[6] The Government instead contends that (a)(1)(iii) is not at issue because Defendant purportedly violated subsection (a)(1)(ii) in particular. *See* ECF 47 at 8. According to the Government, subsection (a)(1)(ii) of the robbery statute necessarily involves "physical force," which means that Defendant's prior conviction is a categorical match under the force clause. *Id.* However, because subsections (a)(1)(i)-(iii) are indivisible for purposes of Defendant's sentencing, Defendant did not necessarily violate subsection (a)(1)(ii) in his prior robbery conviction.

[7] The Armed Career Criminal Act ("ACCA") has a force clause identical to that of Section 4B1.2 of the Sentencing Guidelines. *See* 18 U.S.C. § 924(e)(2)(B)(i). The Third Circuit has held that case law analyzing sentencing enhancements under ACCA also binds its analysis for sentencing enhancements under the Sentencing Guidelines. *United States v. Marrero*, 743 F.3d 389, 392 n.2 (3d Cir. 2014), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that residual clause of ACCA violates due process).

robbery statute contemplates a scenario where a defendant can rob without using violence or placing a victim in fear.  Thus, first-degree robbery is not a "crime of violence" under the enumerated clause.

   c.  **Defendant's Base Offense Level**

Because first-degree robbery sweeps more broadly than what the force clause and the enumerated clause entail, Defendant's prior robbery conviction may not be used to enhance his sentence.  Defendant's base offense level is therefore not 22 under Section 2K2.1 of the Sentencing Guidelines.  Defendant's base offense level is instead 20.  A base offense level of 20 is warranted if, among other things, the offense involved "a semiautomatic firearm that is capable of accepting a large capacity magazine" and the defendant "was a prohibited person at the time [he] committed the instant offense."  U.S.S.G. § 2K2.1(a)(4)(B).  Defendant's attempted sale of the Glock and his prior conviction satisfy both conditions.

An appropriate order follows.


**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**